ALAN M. LANDS, PLAINTIFF-APPELLANT, v. STEPHEN J. BASEMAN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 27, 1985—Decided April 16, 1985.

Before Judges FRITZ, GAULKIN and LONG.

*Tort, Jacobs, Todd & Bruso,* attorneys for appellant (*William C. Todd,* III, on the brief).

*Carl D. Poplar,* attorney for respondent.

The opinion of the court was delivered by

GAULKIN, J.A.D.

█ Plaintiff, an attorney against whom defendant had filed an ethics complaint which was later dismissed, appeals from a summary judgment for defendant, entered in reliance on *R.* 1:20–11(b), which provides:

> Grievants in ethics matters, clients in fee arbitration cases and witnesses in both ethics and fee matters shall be absolutely immune from suit, whether legal or equitable in nature, for all communications to Committees, Fee Committees, the Director, the Board, or to appropriate staff and for testimony given in ethics or fee arbitration proceedings. This immunity shall not extend to any publication or distribution of information by a grievant, client or witness that violates *R.* 1:20–10.

Plaintiff's claims arose before the February 15, 1984 effective date of that Rule; he therefore argues that the Rule "should not have been applied retroactively" and that retroactive application "would be unconstitutional."

We find neither of these contentions persuasive. The immunity granted by *R.* 1:20–11(b) was first announced by the Supreme Court in *Toft v. Ketchum,* 18 *N.J.* 280, *cert.* den. 350 *U.S.* 887, 76 *S.Ct.* 141, 100 *L.Ed.* 782 (1955). The Supreme Court has never issued any contrary ruling; and its restatement of that immunity in *In re Hearing on Immunity for Ethics Complainants,* 96 *N.J.* 669 (1984) was with full recognition "that our action in effect invalidates [*N.J.S.A.* 2A:47A–1]." In light of that history, we are satisfied that plaintiff's asserted rights against defendant were not "so 'vested' as to make it unjust to change the rules." *Busik v. Levine,* 63 *N.J.* 351, 366, app. dism. 414 *U.S.* 1106, 94 *S.Ct.* 831, 38 *L.Ed.*2d 733 (1973).

Nor are plaintiff's rights so "vested" as to make retroactive application of *R.* 1:20–11(b) constitutionally offensive. The public interest identified by the Supreme Court in the Rule and in *Ethics Complainants* substantially outweighs in importance the private right which is impaired. *Rothman v. Rothman,* 65 *N.J.* 219, 225 (1974). And the consequences of retroactive

application of the Rule to bar plaintiff's claims are neither harsh nor oppressive. *See State, Dept. of Environ. Protect. v. Ventron Corp.*, 94 *N.J.* 473, 499 (1983). We thus find no constitutional impediment to the retroactive application of the Rule. *Ibid.*

■ Plaintiff also contends that certain of his claims "are alleged to have preceded the filing of an ethics complaint, and to encompass tortious attempts to coerce plaintiff into disregarding his obligations to a client." Those claims, he urges, should remain viable notwithstanding *R.* 1:20–11(b). Only Counts Four and Five of the complaint allege conduct by defendant beyond the communications which he made in ethics matters; those counts broadly allege that defendant "otherwise disparaged plaintiff generally, both orally and in writing" (Count Four) "both before and after" the disciplinary proceedings (Count Five). In his affidavit filed in opposition to the summary judgment motion, plaintiff was able to suggest only "three specific aspects" of non-immunized conduct of defendant. First, defendant assertedly made an "attempt to force" a settlement of the claim made by plaintiff's client and that "circumstances suggest" that "one of the matters then on [defendant's] mind" was "that he had ways to hurt me personally." Second, defendant had "attempted to contact me directly," which led plaintiff to "feel" that it was "an attempt, again, to force me" into settling his client's case. Third, defendant's original letter to the Ethics Committee referred to "prior conversations with other attorneys"; plaintiff proffered that "discovery may well indicate" that defendant "slandered me in conversations with other individuals." We are satisfied that none of these "aspects" of defendant's alleged conduct, nor all taken together, are of sufficient substance or detail to sustain Counts Four or Five of the complaint. *Cf. Kotlikoff v. The Community News*, 89 *N.J.* 62, 67 (1982); *Molnar v. Star-Ledger*, 193 *N.J.Super.* 12, 22 (App.Div.1984).

The order for summary judgment is affirmed.